IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IDA-LEE RUDOLPH REMAN,

      Plaintiff,

    v.

DOUGLAS COUNTY, et al.,

      Defendants.

Civ. No. 6:15-cv-02309-TC

FINDINGS AND
RECOMMENDATION

COFFIN, Magistrate Judge:

    Pro se plaintiff Ida-Lee Rudolph Reman brings this case to "correct & amend court jurisdiction and venue transfer to cure jurisdiction." Pl.'s Pet. to Am. Ct. Jurisdiction and Venue Transfer to Cure Jurisdiction (#3) 1. Plaintiff's disjointed complaint purports to challenge defendants', Douglas County, et al., ability to assess property taxes over real property owned by plaintiff located in Douglas County, as well as defendants' ability enforce a real property tax foreclosure action over said property.[1]

---

[1] Although plaintiff asserts that "this case is not about taxes but rather about her right to life and right to private property," she also asserts that "her right to live in peace and her right to live on

1 – FINDINGS AND RECOMMENDATION

Defendants move to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b), arguing that this case is barred under the Tax Injunction Act ("the ACT"), 28 U.S.C. § 1341, because a plain, speedy, and efficient remedy for plaintiff's complaints was already had in the Douglas County Circuit Court on November 30, 2015, when it held a "summary hearing" on plaintiff's objection to the tax foreclosure suit in compliance with Or. Rev. Stat. 312.080. Def.'s Mot. to Dismiss 2. In the alternative, defendants move under Fed. R. Civ. P. 12(e) for a more definite statement of the rights plaintiff asserts she was deprived of and of the facts that would overcome the immunity accorded to defendants under Or. Rev. Stat. 30.265(6)(b). *Id.*

In support of their motion to dismiss, defendants assert that the summary hearing plaintiff participated in satisfies the requirement in the Act, which states that she is entitled to a "plain, speedy, and efficient remedy" for her grievances. *Id.* at 6. Specifically, defendants argue that the summary hearing satisfied the minimum procedural criteria by providing plaintiff with a full hearing and judicial determination of her objections to the assessed property tax and resulting foreclosure action because during the hearing, the judge took testimony from both parties and their witnesses and accepted all evidence offered by both parties. *Id.* at 3. Defendants add that at the conclusion of the hearing, the Circuit Court judge told plaintiff that her argument was without merit and directed counsel for defendants to prepare an order for the Court's adoption, which they assert they did and mailed to plaintiff on December 4, 2015, and informed her that the order would be submitted to the Circuit Court on December 15, 2014. *Id.* Defendants argue that during that window of time, on December 10, 2015, plaintiff filed the immediate action in

---

her private property bought by her own labor" is "a constitutionally guarded right that may not be taxed, abrogated, or infringed upon in any way" and "defendants' action to foreclose is nothing more or less than theft under color of law." Pl.'s Resp. to Def.'s Obj. Filed Feb. 5, 2016 (#23) 1-4. As such, the thrust of plaintiff's argument appears to be that she is not required to pay property taxes and, therefore, defendants' foreclosure action, which was the result of her alleged failure to pay property taxes, constitutes theft.

2 – FINDINGS AND RECOMMENDATION

this court as "an attempt to interfere with the assessment, levy, or collection of [her] tax under state law" in violation of the Act. *Id.* at 5. This court agrees.

The Act is "first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 522 (1981). The Ninth Circuit has held that the Act:

> furthers two distinct community concerns. First the Act is a gesture of comity toward states; recognizing the centrality of tax collection to the operation of government, the Act prevents taxpayers from running to federal court to stymie the collection of state taxes. Second, recognizing that challenges to state laws are more properly heard in the state courts, the Act ensures that state courts are able to entertain challenges to their own tax laws in the first instance.

*May Trucking Co. v. Oregon Dept. of Transp.*, 388 F.3d 1261, 1269 (9th Cir. 2004) (internal quotations omitted).

Under the Act, a district court "shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under state law where a plain, speedy, and efficient remedy may be had in the courts of such state." 28 U.S.C. § 1341. Courts are to construe the "plain, speedy, and efficient" exception to the Act narrowly, *California v. Grace Brethren Church*, 457 U.S. 393, 413 (1982), and "must guard against interpretations of the [Act] which might defeat its purpose and text*." Arkansas v. Farm Credit Servs. of Centr. Ark.*. 520 U.S. 821, 827 (1997). To be "plain, speedy, and efficient," the state law remedy must have certain "minimal procedural criteria" and provide the taxpayer with a "full hearing and judicial determination" for federal or constitutional objections to the tax. *Rosewell*, 450 U.S. at 512.

"State courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990). Moreover, "[m]inimal respect for the state processes . . . precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex Cnty. Ethics*

3 – FINDINGS AND RECOMMENDATION

*Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, (1982). Finally, "under Or. Rev. Stat. § 312.070, any person interested in real property that is on the foreclosure list may 'file an answer and defense to the application for judgment'" and pursuant to Or. Rev. Stat. § 312.080, "the circuit court shall hear the matter raised by the person in a summary manner." *Multnomah Cnty. v. Fin. Am. Corp.*, 120 Or. App. 30, 33 (1993).

Here, Or. Rev. Stat. §§ 312.070-312.080 provides a plain, speedy, and efficient remedy to any person whose real property is subject to a foreclosure action in the form of a summary hearing. Plaintiff availed herself to said remedy when she participated in the summary hearing in the Douglas County Circuit Court on November 30, 2015 and received a judicial determination with appropriate procedural safeguards observed. 28 U.S.C. § 1341; *Rosewell*, 450 U.S. at 512. Further, the relief plaintiff seeks here not only interferes with the aforementioned litigation, but also has the effect of interfering with the assessment of state taxes. Accordingly, this case is barred under the Act and defendants' motion to dismiss (#6) should be granted. *Rosewell*, 450 U.S. at 522; *Arkansas*, 520 U.S. at 827; *May Trucking Co.*, 388 F.3d at 1269; *California*, 457 U.S. at 413.

## CONCLUSION

For the reasons stated, defendants' motion to dismiss plaintiff's claims against it (#6) should be granted and this case should be dismissed. Further, plaintiff's pending motions for discovery (#16, 17) should be denied as moot.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections

are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this **15** day of April, 2016.

THOMAS M. COFFIN
United States Magistrate Judge

5 – FINDINGS AND RECOMMENDATION